UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTHONY P. KEYTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 9-516-B-W |
| | ) | |
| SENATORS OF THE 111th CONGRESS, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ANTHONY P. KEYTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 9-517-B-W |
| | ) | |
| JUSTICES OF THE UNITED SUPREME COURT, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ANTHONY P. KEYTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 9-518-B-W |
| | ) | |
| BARACK OBAMA and CABINET OF THE PRESIDENT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISIONS**

On October 8, 2009, Anthony Keyter of Gig Harbor, state of Washington, filed three separate actions, each captioned "Criminal Charges Lodged Against" certain individuals and/or institutional entities. The allegations in each complaint are the same; the only difference is the

named defendants.  On November 6, 2009, the United States Magistrate Judge filed with the Court her Recommended Decision for all three complaints.  *Rec. Dec.* (Docket # 6).[1]  On November 13, 2009, Mr. Keyter filed his objections to each Recommended Decision.[2]  *Ob. to "Dismissal Recommendation"* (Docket # 7).  The Court has reviewed and considered the Magistrate Judge's Recommended Decisions, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decisions.  For the reasons set forth in the Magistrate Judge's Recommended Decision and for the following additional reasons, the Court adopts the Magistrate Judge's Recommended Decisions.

Mr. Keyter objects to the Recommended Decisions on the ground that in filing his complaints, he is acting as what he terms a "complaining witness," and in that capacity, he had filed a criminal case, not a civil action.  *Id*. at 2.  He claims that the Magistrate Judge violated several criminal statutes and constitutional provisions by treating his criminal case as a civil action and recommending its dismissal.  *Id.* at 4-17.  Mr. Keyter is misinformed.

As a private citizen, Mr. Keyter does not have the legal authority to initiate a criminal prosecution, to file a criminal action demanding that a criminal prosecution be filed, or to file a criminal action demanding that the Court appoint a prosecutor to prosecute violations of criminal law he alleges the defendants committed.  The law provides three means for initiating a criminal prosecution: (1) by complaint; (2) by information; and, (3) by indictment.  Federal Rule of Criminal Procedure 3 establishes the procedure for the issuance of a criminal complaint.  Fed. R. Crim. P. 3.  Federal Rule of Criminal Procedure 7 establishes the procedure for the issuance of an information.  Fed. R. Crim. P. 7.  The United States Constitution establishes the procedure for

---

[1]  For purposes of this order, the Court has cited Civil No. 9-516-B-W.
[2]  Like the complaints, the only difference in Mr. Keyter's objections is the named defendant.

the issuance of an indictment. U.S. CONST. amend. V (stating that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . .").

In *Keenan v. McGrath*, the First Circuit wrote that "[n]ot only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer of probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and . . . indictment by a grand jury." 328 F.2d 610, 611 (1st Cir. 1964); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Nor is there any authority for the proposition that upon a complaint by a private citizen a court must appoint a prosecutor or request the government name a prosecutor to prosecute the private citizen's allegations of criminal conduct to a court. Despite Mr. Keyter's assertions that the Magistrate Judge violated various rules and provisions by refusing to allow him to initiate a criminal prosecution as a private citizen, the Court concludes that the Magistrate Judge is upholding the constitution and laws of this Country by doing so.

1. It is therefore <u>ORDERED</u> that the Recommended Decisions (Docket # 6; Civil No. 9-516-B-W, Civil No. 9-517-B-W, Civil No. 9-518-B-W) of the Magistrate Judge are hereby <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Complaints (Docket # 1; Civil No. 9-516-B-W, Civil No. 9-517-B-W, Civil No. 9-518-B-W) be and hereby are <u>DISMISSED</u> with prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2009